IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 08-CR-30055-NJR-6 |
| KENNETH V. THOMAS, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Defendant Kenneth V. Thomas's Motion to Reduce Sentence (Doc. 424) pursuant to the First Step Act of 2018. Thomas asks the Court to find him eligible for a sentence reduction following the retroactive application of the Fair Sentencing Act of 2010, as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

### FACTUAL & PROCEDURAL BACKGROUND

In September 2008, Thomas was charged by way of superseding indictment with one count of conspiracy to distribute and possess with the intent to distribute over five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1) (Doc. 148). Thomas also was charged with one count of possession with the intent to distribute over five grams of cocaine base in violation of §§ 841(a)(1) and 841(b)(1)(B) (Count 2) (*Id.*). A few weeks later, after a jury trial where Thomas represented himself, a jury convicted him on the counts in the superseding indictment. (Docs. 205, 207-209). The jury returned a special verdict finding that the amount of cocaine involved in the

conspiracy for Count 1 was over 5 kilograms (Doc. 208-1). The jury also returned a verdict finding Thomas guilty of possession with intent to distribute over 5 grams of cocaine base in Count 2. (Doc. 209-2).

At sentencing in January 2009, the District Judge[1] adopted the presentence report ("PSR") and found that Thomas had an offense level of 36 and a criminal history of IV (Doc. 278). His U.S. Sentencing Guidelines ("Guidelines") range on the two counts was 262 to 327 months (*Id.*). At the time, Thomas's statutory range on Count 1 was 10 years to life in prison (Doc. 294). Thomas's statutory range on Count 2 was 5 to 40 years' imprisonment (*Id.*). During his allocution, Thomas focused on his powder cocaine conviction in Count 1, stating "[a]nd, you know, [the prosecutor] and them know—he know that [the co-conspirator] never had no 30 kilograms of cocaine, and he know that through the reports, your Honor." (Doc. 294, p. 12). Likewise, the District Judge seemed to focus on the powder cocaine in considering the nature and circumstances of the offense before handing down his sentence, stating "[n]ow first, the nature and circumstances of the offense . . . . Well, this is a very serious crime. This was a massive cocaine conspiracy. There were large amounts of cocaine involved here and it would serve no purpose for me to repeat the—what an affliction drug abuse is in our society." (*Id.* at 15) The District Judge sentenced Thomas to a 300-month total term of imprisonment on Count 1 and 2 (Doc. 275).

Thomas subsequently filed a Motion to Reduce Sentence based on Amendment

---

[1] Burton was sentenced by District Judge G. Patrick Murphy, who retired in December 2013. The case was then transferred to the undersigned in 2015 (Doc. 377).

782 to the Guidelines (Doc. 382). The undersigned granted the Motion, giving Thomas a new Guideline range of 210 to 262 months and a sentence in the middle of that range at 240 months (Doc. 383). In June 2019, the Thomas filed a Motion to Reduce Sentence under Section 404(b) of the First Step Act (Doc. 424). The motion argues that Thomas is eligible for a reduction in his total sentence because the packaged sentence he received included the Count 2 cocaine base conviction, which would allow resentencing on the entire package. Thomas seeks a reduction to time served and 5 years of supervised release.

The Government filed its response, asserting that Thomas is not entitled to a sentence reduction under First Step Act; Thomas's sentence is controlled by his conviction for conspiracy to distribute powder cocaine; Thomas has never been prejudiced by the cocaine base sentencing disparity that the Fair Sentencing Act was meant to correct because his maximum statutory and guideline ranges would be the same if his case had involved no cocaine base at all; and Thomas has already received the benefit of a sentence reduction under the Amendment 782 (Doc. 428).

## LEGAL STANDARD

Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who committed their offenses and were sentenced before August 3, 2010. *See* First Step Act, § 404. The Act gives district courts discretion to reduce a defendant's sentence for a cocaine base offense as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *Id.*

Section 404 of the First Step Act provides, in relevant part:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the

    statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Accordingly, defendants who were convicted before August 3, 2010 of a cocaine base offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible for consideration of a reduced sentence. *Id.* Whether to reduce the sentence of an eligible defendant is left to the sentencing court's discretion. *Id.*

## ANALYSIS

Thomas's motion claims that he is eligible for a reduced sentence under the First Step Act because the Court imposed the original sentence on Counts 1 and 2 for a covered offense. Thomas claims that he was convicted of the offenses before August 3, 2010, and the statutory penalty under § 841(b)(1)(B) for his Count 2 cocaine base offense was modified by § 2 of the Fair Sentencing Act. Accordingly, he contends that the Court has the authority to impose a reduced sentence as if § 2 of the Fair Sentencing Act was in effect at the time the offense was committed.

Under the Fair Sentencing Act, Thomas's original statute he was convicted of under Count 2, § 841(b)(1)(B), was amended to require possession with intent to distribute more than 28 grams of cocaine base for the unchanged penalty of no less than five years and up to forty years imprisonment. The penalty for § 841(b)(1)(C), which encompasses 28 grams or less of cocaine base now, is up to twenty years imprisonment. Despite this sea change in penalties for cocaine base convictions, the mandatory minimum for Thomas's other conviction in the package, conspiracy to distribute and possess with the intent to distribute over five kilograms of cocaine in violation of § 841(b)(1)(A), remains unchanged. The penalty for that conviction is 10 years to life in prison. This is a significant fact, as it effectively keeps the mandatory minimum as it was for the package sentence. Moreover, the sentencing District Judge clearly focused on the Count 1 powder cocaine conviction when sentencing Thomas.

Furthermore, even if the Court were to ignore the sentencing District Judge and dig deeper into the cocaine base conviction, the determination of where Thomas would fit under § 841 would become problematic. The jury instructions for Count 2 did not require the jury to find an amount at trial. The PSR found relevant conduct of 228.7 grams of cocaine base and stated that "agents recovered 64.7 grams of cocaine base during controlled buys and searches, which directly involved Kenneth Thomas" (Doc. 255). This leaves questions about whether Thomas's penalty under the cocaine base conviction has even changed.

What is more, the undersigned previously gave Thomas a sentencing reduction when his Guidelines range changed to reflect that reduction and approximate what the

previous District Judge may have used in making his sentencing determination. While the Court commends Thomas for his good behavior, the sentencing District Judge sentenced Thomas above the previous mandatory minimum for good reason. Another departure from that sentence based on a statutory change to the more minor conviction in his packaged sentence seems excessive.

For these reasons, the Motion to Reduce Sentence (Doc. 424) pursuant to the First Step Act of 2018 is **DENIED**.

**IT IS SO ORDERED.**

DATED:   May 1, 2020

*/s/ Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**